**SOCIETY OF LLOYDS,**
Plaintiff—Appellee,

v.

**Emil Raymond BORGERS; et al.,**
Defendants—Appellants,

and

**Lawrence William Cross, III;**
et al., Defendants.

No. 03–15734.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided April 13, 2005.

Michael S. Rubin, Esq., Mariscal, Weeks, Mcintyre & Friedlander, Phoenix, AZ, for Plaintiff—Appellee.

Andrew S. Gordon, James David Jorgensen, Coppersmith, Gordon, Schermer, Owens & Nelson PLC, Phoenix, AZ, and James W. Armstrong, Sacks Tierney PA, Scottsdale, AZ, for Defendants—Appellants.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM [*]

The serious questions in this case have already been answered by our en banc decision in *Richards v. Lloyd's of London.*[1]

Whether the English judgments are enforceable is a question of Arizona law,[2] and under the Restatement (Third) of Foreign Relations,[3] followed by Arizona,[4] the English judgments are properly enforceable. The contractual selection of England as the forum for resolving disputes is valid, and differences in English and United States laws do not violate the public policy embodied in federal and state securities laws.[5] The controlling Arizona law conditions the conclusiveness of a foreign judgment on whether it was "rendered under a system that does not provide impartial tribunals or procedures compatible with due process of law,"[6] and "English procedure

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Richards v. Lloyd's of London,* 135 F.3d 1289 (9th Cir.1998) (en banc).

2. *See Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1005 (9th Cir.2001).

3. Restatement (Third) of Foreign Relations §§ 481–482 (1987).

4. *See Arab Monetary Fund v. Hashim (In re Hashim),* 213 F.3d 1169, 1172 (9th Cir.2000); *Alberta Sec. Comm'n v. Ryckman,* 200 Ariz. 540, 30 P.3d 121, 126 (2001).

5. *See Richards,* 135 F.3d at 1294–96.

6. Restatement (Third) of Foreign Relations § 482(1)(a).

comports with our standards of due process."[7] The English judgments are not repugnant to Arizona public policy.[8] Thus neither of the exceptions to enforcement of foreign judgments that the defendants raise here apply, and the judgments satisfy the requirements of Arizona law for purposes of recognition and enforcement.[9] Our sister circuits have reached the same conclusions in materially similar cases.[10]

AFFIRMED.

---

**7.** *British Midland Airways Ltd. v. Int'l Travel, Inc.,* 497 F.2d 869, 871 (9th Cir.1974) (internal quotation omitted); *see also Arab Monetary Fund v. Hashim (In re Hashim),* 213 F.3d 1169, 1172 (9th Cir.2000).

**8.** *See* Restatement (Third) of Foreign Relations § 482(2)(d); *In re Hashim,* 213 F.3d at 1172; *Richards,* 135 F.3d at 1294–96.

**9.** *See* Restatement (Third) of Foreign Relations §§ 481–482.

**10.** *See Soc'y of Lloyd's v. Turner,* 303 F.3d 325 (5th Cir.2002); *Soc'y of Lloyd's v. Ashenden,* 233 F.3d 473 (7th Cir.2000).

